United States Bankruptcy Court
Southern District of Texas

**ENTERED**
April 20, 2026
Nathan Ochsner, Clerk

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| IN RE: | § | |
| | § | **CASE NO: 25-37093** |
| **84 ENERGY LLC,** | § | |
| | § | |
| Debtor. | § | |
| | § | |
| | § | |
| | § | **CHAPTER 11** |

**MEMORANDUM OPINION AND ORDER
FOR APPOINTMENT OF CHAPTER 11 TRUSTEE**

Pending before the Court is a single matter self-styled as "United States Trustee's Motion to Convert Case".[1]  At the April 2026 hearing, 84 Energy, LLC ("Debtor") consented to the appointment of a Chapter 11 Trustee.

## I.  JURISDICTION AND VENUE

This Court holds jurisdiction pursuant to 28 U.S.C. § 1334, which provides "the district courts shall have original and exclusive jurisdiction of all cases under title 11."  Section 157 allows a district court to "refer" all bankruptcy and related cases to the bankruptcy court, wherein the latter court will appropriately preside over the matter.[2]  This court determines that pursuant to 28 U.S.C. § 157(b)(2)(A) and (O), the instant matter is core because the Motion seeks relief under the United States Bankruptcy Code.  Furthermore, this Court may only hear a case in which venue is proper.[3]  Pursuant to 28 U.S.C. § 1409(a), "a proceeding arising under title 11 or arising in or related to a case under title 11 may be commenced in the district court in which such case is pending."  Debtors' principal place of business is Richmond, Texas.  Therefore, venue is proper.

## II.  CONSTITUTIONAL AUTHORITY TO ENTER ORDERS

This Court has an independent duty to evaluate whether it has the constitutional authority to sign a final order.[4]  In *Stern,* which involved a core proceeding brought by the debtor under 28 § 157(b)(2)(C), the Supreme Court held that a bankruptcy court "lacked the constitutional authority to enter a final judgment on a state law counterclaim that is not resolved in the process of ruling on a creditor's proof of claim."[5]  Conversion, dismissal or appointment of a chapter 11 trustee under 11 U.S.C. §§1112 and 1104 is being considered at this hearing. As indicated above, the pending dispute before this Court is a core proceeding.  The ruling in *Stern* was limited to the one

---

[1] ECF No. 82.

[2] 28 U.S.C. § 157(a); *see also* In re: Order of Reference to Bankruptcy Judges, Gen. Order 2012-6 (S.D. Tex. May 24, 2012).

[3] 28 U.S.C. § 1408.

[4] *Stern v. Marshall*, 564 U.S. 462 (2011).  *But see Wellness Int'l Network v. Sharif*, 135 S. Ct. 1932, 1938–39 (2015) (holding that parties may consent to jurisdiction on non-core matters).

[5] 564 U.S. at 503.

specific type of core proceeding involved in that dispute, which is not implicated here. Accordingly, this Court concludes that the narrow limitation imposed by *Stern* does not prohibit this Court from entering a final order.[6] Alternatively, even if *Stern* applies to all of the categories of core proceedings brought under § 157(b)(2),[7] this Court still concludes that the limitation imposed by *Stern* does not prohibit this Court from entering a final order in the dispute at bar. In *Stern,* the debtor filed a counterclaim based *solely* on state law; whereas, here, the Motion is based on an express provision of the Bankruptcy Code—11 U.S.C. §§1112 and 1104 judicially-created bankruptcy law interpreting that provision. This Court is therefore constitutionally authorized to enter a final order on the Motion. Additionally, this Court has constitutional authority to enter a final order on the Motion because neither party has objected to this Court's constitutional authority to enter a final order or judgment. These circumstances unquestionably constitute implied consent. Thus, this Court wields the constitutional authority to enter a final order here.

## III.   ANALYSIS

The Bankruptcy Code generally permits chapter 11 debtors to remain in control of their assets and business operations.[8] Termed debtor-in-possession, it owes fiduciary duties to the bankruptcy estate.[9] Such fiduciary duties include a duty of care to protect the assets, a duty of loyalty, and a duty of impartiality.[10] To fulfill its duties, a debtor-in-possession must avoid self-dealing, conflicts of interest, and the appearance of impropriety.[11] When a debtor-in-possession is incapable of performing its statutory duties, a chapter 11 trustee may be appointed.[12] However, the appointment of a trustee is the exception, rather than the rule, and is an extraordinary remedy.[13] Although the Code contains no particular standard of proof, the majority view is that the party moving for appointment of a trustee must prove the need for a trustee by clear and convincing evidence.[14]

It is not necessary to find fault on the part of the debtor-in-possession before appointing a chapter 11 trustee in "the interests of creditors, any equity security holders, and other interests of the estate" pursuant to § 1104(a)(2).[15] When deciding whether relief under § 1104(a)(2) is

---

[6] *See, e.g.*, *Badami v. Sears (In re AFY, Inc.),* 461 B.R. 541, 547–48 (B.A.P. 8th Cir. 2012) ("Unless and until the Supreme Court visits other provisions of Section 157(b)(2), we take the Supreme Court at its word and hold that the balance of the authority granted to bankruptcy judges by Congress in 28 U.S.C. § 157(b)(2) is constitutional."); *see also Tanguy v. West (In re Davis),* No. 00-50129, 538 F. App'x 440, 443 (5th Cir. 2013) ("[W]hile it is true that *Stern* invalidated 28 U.S.C. § 157(b)(2)(C) with respect to 'counterclaims by the estate against persons filing claims against the estate,' *Stern* expressly provides that its limited holding applies only in that 'one isolated respect' . . . . We decline to extend *Stern*'s limited holding herein.") (citing *Stern*, 564 U.S. at 475, 503).

[7] *See First Nat'l Bank v. Crescent Elec. Supply Co. (In re Renaissance Hosp. Grand Prairie Inc.),* 713 F.3d 285, 294 n.12 (5th Cir. 2013) ("*Stern*'s 'in one isolated respect' language may understate the totality of the encroachment upon the Judicial Branch posed by Section 157(b)(2) . . .").

[8] *In re Adelphia Commc'ns. Corp.*, 336 B.R. 610, 655 (Bankr. S.D.N.Y. 2006).

[9] *In re Eurospark Industries, Inc.*, 424 B.R. 621, 627 (Bankr. E.D.N.Y. 2010).

[10] *In re Bowman*, 181 B.R. 836, 843 (Bankr. D. Md. 1995).

[11] *Id.*

[12] *See* 11 U.S.C. § 1104(a).

[13] *In re Adelphia Commc'ns Corp.*, 336 B.R. at 655.

[14] *See In re G-I Holdings, Inc.*, 385 F.3d 313, 315 (3d Cir. 2004); *see also Matter of Cajun Elec. Power Co-Op, Inc.*, 69 F.3d 746 (5th Cir. 1995) (opinion withdrawn); 7 *Collier on Bankruptcy* ¶ 1104.02 (16th ed. 2019).

[15] *In re Eurospark Industries, Inc.*, 424 B.R. at 627; *In re Ridgemour Meyer Properties, LLC*, 413 B.R. 101, 113 (Bankr. S.D.N.Y. 2008).

warranted, a court will consider: (i) the trustworthiness of the debtor; (ii) the debtor-in-possession's past and present performance and prospects for the debtor's rehabilitation; (iii) the confidence—or lack thereof—of the business community and of creditors in present management; and; (iv) the benefits derived by the appointment of a trustee; balanced against the cost of the appointment.[16]  Notwithstanding the articulation of these factors, the § 1104(a)(2) standard is flexible.[17]  Ultimately, the court should consider the practical realities, necessities of the case, and the totality of the circumstances in determining whether to appoint a trustee.[18] Here Debtor consented to the appointment of a chapter 11 trustee.

Accordingly, after considering the pleadings on file, evidence in the record, arguments of counsel, express consent of the Debtor and applicable law, the Court finds it appropriate to appoint a chapter 11 trustee.  Accordingly, it is therefore:

**ORDERED** that:

1.  The United States Trustee is ordered to appoint a chapter 11 trustee in this case.

2.  All owners, managers, operators, and other persons in control of 84 Energy LLC or any of its assets or properties, are ordered as follows:

    a.  to turnover to the chapter 11 trustee all books, records, and documents pertaining to or owned by Debtor;

    b.  to turnover to the chapter 11 trustee all cash, receivables, properties, and other assets owned or controlled by Debtor; and

    c.  to fully cooperate with the chapter 11 trustee in the discharge of the trustee's duties. This cooperation includes, but is not limited to, the filing of accurate schedules in this case.

    d.  The Debtor, including all of its officers, directors, employees, agents, insiders, and professionals are directed to immediately make the premises, assets, and information of the Debtor wherever located and in whatever form, available to the Trustee and his professionals for all purposes.

    e.  The Debtor, including all of its officers, directors, employees, agents, insiders, and professionals shall immediately refrain, and are prohibited from, using any cash or cash collateral of the Estate for any purpose effective as of the entry of this Order, provided, however, until notice of the Trustee's appointment is filed in this case, the Debtor is to use funds in the ordinary course that are essential to prevent any irreparable harm or injury to the Estate, provided further that the Debtor will maintain clear records of amounts used pursuant to this paragraph.

---

[16] *In re Ionopshere Clubs, Inc.*, 113 B.R. 164, 168 (Bankr. S.D.N.Y. 1990).
[17] *In re Ridgemour Meyer Properties, LLC*, 413 B.R. at 112.
[18] *In re Ionosphere Clubs, Inc.*, 113 B.R. at 168; *See In re Sharon Steel Corp.*, 871 F.2d 1217, 1228 (3d Cir. 1989).

3. Pending the appointment of the chapter 11 trustee, all persons are enjoined from exercising any control over estate property.  No cash or assets may be transferred, moved, or disposed of.  No bills may be paid.  No accounts may be opened or closed.

4. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

**SIGNED Monday, April 20, 2026**

_____
**Eduardo V. Rodriguez**
**Chief United States Bankruptcy Judge**